**ALBERT Y. DAYAN**    80-02 Kew Gardens Rd., # 902, Kew Gardens, N.Y. 11415
       Attorney at Law        Tel: (718) 268-9400:    Fax: (718) 268-9404

<u>By ECF</u>

May 9, 2017

The Honorable Theodore D. Chuang
United States District Judge for the
District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

   Re: United States v. Anatoly Fedorovsky
     <u>Case No. TDC-16-0437</u>

Dear Judge Chuang:

  Please accept this letter as a brief reply to the Government's opposition to defendant's request for an expedited resolution of his motion to stay imprisonment or an extension of his surrender date.

  First, the Government's suggestion that our filing of the motion was not done earlier was for the purpose of delay and not for any "legitimate purpose" is totally baseless. At the time of pleading and sentencing Mr. Fedorovsky had no intention of appealing his conviction. As I indicated in our Sentencing Memorandum he was insistent on pleading guilty; he believed it was in his best interest, notwithstanding that I had explained to him that I felt an indictment could not withstand motion practice. Approximately two and one-half weeks after sentence was imposed he told me that after giving it much thought and considering what I had explained to him he wanted to appeal; he hoped it was not too late. As I had taken the precaution of filing a timely Notice of Appeal I told him it was not too late.

  The Government also claims that Mr. Fedorovsky's appeal is barred by the waiver of appeal contained in the plea agreement. But, in *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016), the Court refused to enforce a waiver of appellate rights in a plea agreement, stating, " We will refuse to enforce an otherwise valid waiver if to do so

would result in a miscarriage of justice...." A proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice requirement." ... Such a showing renders the claim outside the scope of the waiver." (citations omitted).

And, that is the very essence of defendant's appeal, i.e., that "the facts on which Mr. Fedorovsky pleaded guilty do not establish that he committed a crime - that he is "actually innocent" of the charged bribery." Motion, p.5. That is, as discussed in our motion, while defendant may be guilty of an attempted bribery, if there were such a crime, based on facts "as he believes them to be," he is not guilty of the substantive offense, to which he plead guilty, based on fictional "facts" - a fake "public officer" and a fictitious "official act."

Accordingly, it is respectfully requested that there be an expedited resolution of defendant's motion to stay imprisonment or an extension of his surrender date.

Respectfully submitted,

_____/s/_____
Albert Y. Dayan

cc.  David I. Salem
     Assistant United States Attorney