# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANATOLY FEDOROVSKY,<br><br>Defendant. | Criminal Action No. TDC-16-0437 |

## ORDER

On October 31, 2016, Defendant Anatoly Fedorovsky pled guilty to bribery of a public official in violation of 18 U.S.C. § 201(b)(1). The Court sentenced Fedorovsky to a term of imprisonment of 12 months and one day. Now pending before the Court is Fedorovsky's Motion for Release Pending Appeal and to Stay Imprisonment Pending Appeal, ECF No. 41. For the following reasons, the Motion is DENIED.

A defendant who has been found guilty of an offense and sentenced to a term of imprisonment "shall" be ordered detained pending appeal unless the Court finds that (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released, and (2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence. 18 U.S.C. § 3143(b) (2012); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2001). Fedorovsky has made the requisite showing that he is not likely to flee or pose a danger to the safety of any other person or the community. He is a United States citizen who resides in New Jersey with his family in a home that he owns, has surrendered his passport, has no criminal history apart from this case, and has complied with his conditions of release thus far. The Government does not contest that the first factor is satisfied.

With respect to the second factor, Fedorovsky contends that his appeal raises a "substantial question of law likely to result in reversal and dismissal of the indictment." Mot. for Release at 6. A "substantial question of law" is a "'close' question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Preliminarily, the Court observes that Fedorovsky waived his right to appeal as part of his guilty plea. The Plea Agreement states that "[t]he Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction." *See* Plea Agreement ¶ 14(a), ECF No. 8. A knowing and intelligent waiver of the right to appeal is valid and enforceable unless enforcing the waiver would "result in a miscarriage of justice," such as a conviction despite the defendant's "actual innocence." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Fedorovsky claims that he meets this burden because his appeal will assert that he is actually innocent of the crime to which he pled guilty because the factual basis of the plea did not support a finding of each element of the offense. The Court thus considers whether Fedorovsky's arguments on appeal will raise a substantial question of law or fact.

The Information to which Fedorovsky pleaded guilty charged him with bribery of a public official under 18 U.S.C. § 201(b)(1)(A) and (C), which provide, in relevant part, that an individual is guilty of bribery if that person:

> (1) [D]irectly or indirectly, corruptly gives, offers, or promises anything of value to any public official . . . with intent—
>
> (A) to influence any official act; or . . .
> (C) to induce such public official . . . to do or omit any act in violation of the lawful duty of such official or person.

18 U.S.C. § 201(b)(1)(A), (C). At the plea hearing, Fedorovsky admitted that, while serving as chief executive officer of a software company, he agreed to pay a $70,000 bribe to an undercover

law enforcement officer posing as a Department of Energy ("DOE") contract specialist in exchange for assistance in securing for his company a DOE contract for computer services. Fedorovsky gave the undercover officer $7,000 in cash and agreed to make future payments through a consultant. Now, Fedorovsky asserts that his conviction cannot stand because he paid the bribe as part of a sting operation, such that there was no real DOE official and no real DOE contract. Thus, he argues that he did not commit the crime of bribery because he did not pay the bribe to an actual "public official," and the action sought, specifically, the award of a DOE contract that proved to be fictitious, was not an "official act" under the statute.

To the extent that Fedorovsky plans to argue on appeal that his bribe was not paid to a "public official," the Court concludes that no substantial question of law or fact exists. A "public official" is "an officer or employee or person acting for or on behalf of the United States . . . in any official function." 18 U.S.C. § 201(a)(1). According to the Government, the undercover agent to whom Fedorovsky paid the bribe was a federal law enforcement agent. Thus, he was a "public official" under the relevant definition, even though he was not a DOE contract specialist. *See, e.g., United States v. Romano*, 879 F.2d 1056, 1059-60 (2d Cir. 1989) (holding that a federal employee who had "been terminated from his official functions" but who remained on the federal payroll in order to participate in an undercover bribery investigation was a "public official"); *United States v. Kidd*, 734 F.2d 409, 411-12 (9th Cir. 1984) (holding that § 201(a) defines "public official" to include "any government employee"). *See also United States v. Couto*, 119 F. App'x 345, 347-48 (2d Cir. 2005) (affirming a conviction for bribery under 18 U.S.C. § 201(b)(1)(A) where the defendant bribed an undercover law enforcement agent posing as an immigration official). *Cf. United States v. Wilson*, 230 F.2d 521, 526 (4th Cir. 1956) (holding that a military official who had been temporarily relieved of duties was capable of

committing bribery and that it was "immaterial . . . that he may not have had actual authority to carry out his commitments under the bribery scheme").

Although Fedorovsky notes that the Statement of Facts to which he agreed at the plea hearing did not specifically identify the undercover law enforcement officer ("UCE-1") as a federal agent, the facts support the conclusion that UCE-1 was, at a minimum, "a person acting for or on behalf of the United States . . . in any official function." 18 U.S.C.§ 201(a)(1). Under the Statement of Facts, UCE-1 was introduced to Fedorovsky by an actual DOE official ("CW-1") cooperating with the investigation. CW-1 and UCE-1 met with Fedorovsky to discuss a possible DOE contract, and Fedorovsky emailed UCE-1 at an official DOE email address assigned to UCE-1. These facts showing that UCE-1 was collaborating with a DOE official as part of an investigation of bribery at DOE sufficiently support a finding that UCE-1 was "a person acting for or on behalf of the United States" in an official function, specifically, as an undercover agent participating in a federal investigation of bribery at DOE. Thus, there is no substantial question of law or fact whether Fedorovsky paid a bribe to a "public official" as defined in the bribery statute.

Fedorovsky also argues that because the contract he sought was not real, it was impossible for his bribe to influence a "official act," such that he did not commit bribery under 18 U.S.C. § 201(b)(1)(A). Fedorovsky's interpretation of the bribery statute does not raise a substantial question of law. The statute does not require the accomplishment of an "official act"; rather it requires only that the defendant act "with intent to influence any official act." 18 U.S.C. § 201(b)(1)(A). The great weight of authority supports the conclusion that Fedorovsky committed the crime of bribery because he intended to influence the award of a DOE contract, which would plainly be an official act, even though his payment could not have actually

4

influenced such an award. "[I]t is immaterial that the bribee does not have the power of decision to accomplish the result which the offeror of the bribe desires." *Hurley v. United States*, 192 F.2d 297, 300 (4th Cir. 1951). Thus, to support a conviction for bribery, it does not matter whether the object of the bribe was attainable, whether the official was corrupted, or even whether the official was aware of the bribe, "so long as the money is offered with corrupt intent." *United States v. Johnson*, 621 F.2d 1073, 1076 (10th Cir. 1980); *see also Romano*, 879 F.2d at 1060 ("It is irrelevant that [the official] was unable to achieve the objective of [the defendant's] bribe after [the official] began cooperating with the government."); *United States v. Traitz*, 871 F.2d 368, 396 (3d Cir. 1989) (holding that the intent element requires only that the money was offered "with the intent and expectation that, in exchange for the money, some act of a public official would be influenced" (quoting *Johnson*, 621 F.2d at 1076)); *United States v. Anderson*, 509 F.2d 312, 332 (D.C. Cir. 1974) ("The payment and the receipt of the bribe are not interdependent offenses . . . Thus the donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official duties, or even lacked the power to do so."); *United States v. Jacobs*, 431 F.2d 754, 759-60 (2d Cir. 1970) ("Section 201(b) is violated even though . . . the object of the bribe could not be attained."); *United States v. Louie Gim Hall*, 245 F.2d 338, 339 (2d Cir. 1957) (holding that where there was "ample basis for a finding of corrupt intent" it did not matter that the official "had no authority" to fulfill the purpose of the bribe); *Kemler v. United States*, 133 F.2d 235, 238 (1st Cir. 1943) ("Obviously no one would give or offer a bribe unless he expected to gain some advantage thereby, and since attempting to gain an advantage by this means is the evil which the statute is meant to prevent, it can make no difference if after the act is done the doer discovers that for some reason or another, be it a mistake on his part or a mistake on the part of some officer or agency of the United States, there

was actually no occasion for him to have done it."). *Cf. United States v. Arroyo*, 581 F.2d 649, 655 (7th Cir. 1978) ("Bribes are paid, and solicited, in exchange for what the payer believes he is paying for. . . . The solicitation . . . is the same, whether the yet-to-come impression be objectively true or false."); *Wilson*, 230 F.2d at 526 (stating that it was "immaterial" that the defendant, who solicited bribes, "may not have had actual authority to carry out his commitments under the bribery scheme"). Thus, Fedorovsky has not established the existence of a substantial question of law regarding whether 18 U.S.C. § 201(b)(1)(A) requires that the bribed public official actually performed, or had the authority to perform, the "official act" sought by the bribe.

Fedorovsky's argument fares no better upon consideration of 18 U.S.C. § 201(b)(1)(C), the other subsection of the bribery statute referenced in the Information. Fedorovsky is guilty of bribery under this subsection if he acted "with intent to induce [a] public official . . . to do or omit any act in violation of the lawful duty of such official or person." 18 U.S.C. § 201(b)(1)(C). Conviction under § 201(b)(1)(C) also turns on "the briber's intent to corrupt," not "the bribed individual's ability to effect a result." *United States v. Gjieli*, 717 F.2d 968, 976 (6th Cir. 1983). This element is therefore established where the defendant "intended to gain an advantage by making a corrupt offer to a public official" even if the defendant was "mistaken in the[] impression of what the public official could lawfully do" and "regardless of whether or not the acts to be accomplished are within the scope of the actual lawful duties of the bribed public official." Thus, Fedorovsky is guilty of bribery even if UCE-1 could not actually award, or facilitate the awarding of, a DOE contract as part of his official duties. Rather, the Statement of Facts supports the conclusion that Fedorovsky paid a bribe in exchange for either CW-1 or UCE-1 improperly to facilitate the award of a DOE contract to Fedorovsky, which would plainly be conduct "in violation of the lawful duty" of either official. 18 U.S.C. § 201(b)(1)(c).

6

The Court is therefore unpersuaded that Fedorovsky has established a substantial question of law or fact relating to his actual innocence of the crime to which he pleaded guilty knowingly and voluntarily. Accordingly, it is hereby ORDERED that the Motion for Release Pending Appeal and to Stay Imprisonment Pending Appeal, ECF No. 41, is DENIED.

Date: May 18, 2017

THEODORE D. CHUANG
United States District Judge